James Arthur OIMEN, Petitioner–Appellant,

v.

Gary McCAUGHTRY, Warden, Waupun Correctional Institution, and James E. Doyle, Wisconsin Attorney General, Respondents–Appellees.

No. 96–2452.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 6, 1997.

Decided Dec. 9, 1997.

Howard B. Eisenberg (argued), Milwaukee, WI, for Petitioner–Appellant.

Sally L. Wellman (argued), Office of the Atty. General, Wisconsin Dept. of Justice, Madison, WI, for Respondent–Appellee.

Before CUMMINGS, MANION and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

James Oimen was part of an armed robbery gone awry. After his conviction in a Wisconsin state court, and his subsequent appeals, he filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. His petition was denied and he now brings to us a single issue: whether he was denied his right to counsel on his direct appeal, a Due Process right recognized in *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821

(1985). In order to understand the issue we must see the context in which it arose.

In December 1988 in Dane County, Wisconsin, Oimen and two buddies, Shawn McGinnis and David Hall, decided to rob Tom Stoker, a bookie Oimen knew, who, he thought, had large sums of money at his house. Because Stoker would recognize him, Oimen did not want to enter the house, but he drew a diagram of the layout for the robbers. McGinnis and Hall went to the house, McGinnis armed with a pellet gun that looked like something more deadly. Oimen was outside in the getaway truck. At about 11:30 p.m. Stoker was on the telephone when the line went dead. He became suspicious and got out his Winchester 308 automatic hunting rifle and laid it down in his bedroom. Going to his kitchen and turning on his porch light, he saw the robbers standing outside his door. Stoker ran for his gun, loaded it, and confronted the men; he saw McGinnis with what looked like a gun. McGinnis and Hall, seeing Stoker's gun, attempted to run. But when Stoker chased the men to his kitchen, it appeared to him that McGinnis was coming back into the house with a pointed gun. Stoker shot McGinnis. Hall helped the wounded McGinnis toward the road.

Meanwhile, Oimen, sitting outside in the truck, sensed that something was wrong, so he started the pickup truck and took off. Hall saw that Oimen was gone, went back to McGinnis, but ran off when he heard police sirens, leaving McGinnis to die of his wounds.

Oimen, who is the person with whom we are concerned, was charged with attempted armed robbery, felony murder, and armed burglary, as a party to the crime on each count. Attempted armed robbery was the felony underlying the felony murder charge. A Dane County jury convicted Oimen on all counts.

The charging decision catches the eye. A killing occurred during the commission of a felony, but, interestingly, the trigger was pulled not by one of the felons, but by the person who was being robbed. The charge also caught the eye of one of the judges on the Wisconsin Court of Appeals, who was convinced that the felony murder statute did not apply in this situation. The Wisconsin Supreme Court heard Oimen's case pursuant to its sparingly used power of discretionary review. Oimen ultimately lost on the issue—court deciding that the felony murder statute applied to these facts. *State v. Oimen*, 184 Wis.2d 423, 516 N.W.2d 399 (1994). So Oimen's appeal, though ultimately a loser, had more real substance than we find in most criminal appeals.

We relate this history because it seems that Oimen did not appreciate that his appeal raised a significant issue. In fact, he wanted his appointed counsel for his direct appeal to the court of appeals to raise a more mundane issue as well, that of ineffective assistance of trial counsel. Counsel declined, and he and Oimen had a falling out which precipitated the issue before us. Again, we provide a few details.

Oimen was initially provided counsel for his first appeal as of right to the Wisconsin Court of Appeals when the State Public Defender's Office appointed appellate counsel for him. The attorney, Jack Schairer, filed a postconviction motion pursuant to § 809.30, Wisconsin Statutes. After a hearing, the motion was denied. That motion did not raise a claim of ineffective assistance of trial counsel. Attorney Schairer filed a notice of appeal from the judgment of conviction and the order denying postconviction relief; he also filed a brief and appendix in the court of appeals on Oimen's behalf. The State filed a responsive brief.

But, unsatisfied, Oimen filed a motion in the court of appeals demanding that Attorney Schairer withdraw because Schairer refused to raise a claim of ineffective assistance of trial counsel. Oimen claimed that Schairer had therefore ineffectively represented him; he requested that new counsel be appointed. In turn, Schairer moved for permission to withdraw. He said Oimen's claim that he had provided ineffective assistance created a conflict of interest between the two because Schairer would be required to be a witness if the issue were litigated, and the rules of ethics prohibit an attorney from simultaneously being a witness and an advocate. Moreover, Schairer said, Oimen's claim

constituted a discharge and, for that reason, the rules of ethics required him to withdraw. The court of appeals advised Oimen in writing that he might not be granted new appellate counsel if Schairer were allowed to withdraw and therefore he might be forced to proceed *pro se.* Oimen was ordered to advise the court whether, knowing that he may be forced to proceed *pro se,* he still wanted to continue in his motion to have Schairer removed. Oimen assured the court in writing that that is what he wanted. And he got what he asked for. The Wisconsin Court of Appeals granted both his motion to have Schairer withdraw as counsel and Schairer's motion to withdraw. The court referred Oimen's request for successor appellate counsel to the State Public Defender's Office, which in turn said that it would not appoint another lawyer for Oimen. The court of appeals determined that it would not consider the brief Schairer had already filed, and it also declined to appoint successor counsel. Oimen was told that if he wanted to raise a claim of ineffective assistance of trial counsel, he could dismiss his current appeal, pursue his claim in the trial court, and then appeal all matters at one time. If he did not choose to follow that procedure, he was advised that he could file a *pro se* brief in the pending appeal. The state public defender also declined to appoint counsel to assist Oimen in litigating a claim of ineffective assistance of trial counsel because a review of the record showed that there was not a sufficient basis for the claim. Oimen ultimately elected to file a *pro se* brief in his appeal.

As we said, Oimen's conviction was affirmed in the court of appeals, over a dissent. The Wisconsin Supreme Court took discretionary review of certain issues Oimen raised and the appeal was prosecuted by an attorney from the Office of the State Public Defender, Suzanne Hagopian. In this court, we add parenthetically, Oimen is very ably represented by Howard B. Eisenberg, the dean of the Marquette University Law School and, interestingly, the former head of the seemingly ubiquitous Wisconsin State Public Defender's Office.

Having set out considerable background, we now return to the issue: Was Oimen denied appellate counsel? It is clear that he was represented by the state public defender in the court of appeals; that is, he was until he effectively fired his attorney for not raising an issue Oimen wanted to pursue. So it is not strictly true that he was absolutely denied the right to counsel. Nevertheless, it is undisputed that Oimen ultimately proceeded in the court of appeals without an attorney. Further, it is undisputed that he had the right to an attorney at that point in the proceedings; it was his first appeal of right. *See Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Evitts v. Lucey.* In addition, under Wisconsin procedure, he is entitled to counsel at the point at which he had to decide whether to return to the trial court on a claim of ineffective assistance of trial counsel or to proceed with the appeal. Wisconsin has determined that claims of ineffective assistance of trial counsel can be appealed only after a hearing in the trial court. *See State v. Machner,* 92 Wis.2d 797, 285 N.W.2d 905 (Wis.App.1979). It is also clear that a complete denial of counsel means that Oimen is not required to prove that he suffered prejudice by the denial. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). But this is the outer boundary of his absolute rights. He has taken one step too many, because it is also undisputed that he does not have the right to appointed counsel of his choice, nor does he have the right to insist that counsel raise issues which she, in her professional judgment, chooses not to advance. *Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

What this case comes down to is whether the letters between Oimen and the court of appeals constitute a valid waiver of the right to counsel. Although Oimen asked for another attorney and did not ask to proceed *pro se,* he was demanding something he did not have a right to and, we might add, with a flimsy basis for the demand. Oimen was warned that if he insisted on the withdrawal of Attorney Schairer he might be required to proceed *pro se.* He chose to take that risk.

As in the trial court, waiver of the right to counsel on appeal must be "knowing and intelligent." *Swenson v. Bosler*, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). And letters of the sort we have here are not the usual way of effecting a valid waiver of trial counsel.

But what exactly does it take to effectuate a valid waiver of counsel on appeal? For reasons that are too clear to us to require explanation, appellate courts do not engage in face-to-face dialog with defendants. So a waiver on appeal must be accomplished through written communication. Here the court of appeals told Oimen that if he insisted on having Schairer withdraw he might not get a second attorney. It was clear that Oimen wanted substitute counsel, but he also clearly signaled his willingness to proceed *pro se* if Schairer was his only other choice. Especially given that Schairer's only perceived deficiency was that he would not do something which Oimen had no right to insist on, we find that Oimen validly waived his right to counsel.

■ Oimen also argues that because the court of appeals granted Schairer's motion to withdraw based on a conflict of interest between him and Oimen, the court was compelled to provide Oimen with conflict-free counsel. We reject that argument. First of all, the motion was granted in conjunction with Oimen's motion to have Schairer taken off the case. Furthermore, the only conflict between Schairer and Oimen was in determining the issues to be raised on appeal. That is not a conflict of interest; it is a disagreement over strategy. The judgment denying the writ of habeas corpus is

AFFIRMED.