**UNITED STATES**

v.

**Henry L. SPENCE and Pamela Ann Spence.**

**No. CR 497–62.**

United States District Court, S.D. Georgia, Savannah Division.

Jan. 30, 1998.

Christian J. Steinmetz, III, Clark & Clark, Savannah, GA, Henry Lotson Spence, Virginia Beach, VA, for Henry Lotson Spence.

Steven Louis Beauvais, Zipperer & Lorberbaum, Savannah, GA, for Pamela Ann Spence.

Pamela Ann Spence, Virginia Beach, VA, pro se.

Thomas A. Withers, Savannah, GA, for U.S.

## ORDER

EDENFIELD, District Judge.

Before the Court is defendant Henry L. Spence's "Decision Regarding Appeal of Sentence" (doc. # 72), construed here as a Motion for New Counsel. Spence was indicted for mail, wire and bankruptcy fraud, as well as committing false statements and engaging in a conspiracy (with his wife and co-defendant) to commit mail and wire fraud, etc. Doc. # 1. Found indigent, Spence received the benefit of appointed counsel. Just prior to the start of his trial, Spence pled guilty to, and has since been sentenced upon, all 19 counts of the indictment. Doc. # 69.

After this Court sentenced Spence, he decided to appeal. Evidently his trial counsel advised him that such would be futile. Doc. # 72. At Spence's request, the Deputy Clerk filed a Notice of Appeal, doc. # 73, and Spence has filed his "Decision." In short, Spence wants a new lawyer, albeit at the taxpayer's expense.

"The constitutional guarantee of counsel under the Sixth Amendment has been construed to include four rights: the right to counsel, [cit.], the right to effective assistance of counsel, the right to a preparation period sufficient to ensure a minimal level of quality of counsel, and the right to be represented by counsel of one's own choice." U.S. v. McCutcheon, 86 F.3d 187, 189 (11th Cir. 1996).

■ However, "while the right to counsel is absolute, there is no absolute right to counsel of one's own choice." Id. Instead, it is "subordinate to the requirements of the efficient and orderly administration of justice." Id. On a timely motion for new counsel, the Court must delve into the merits to ascertain whether there exists a conflict "so great that it result[s] in a total lack of communication between the defendant and his counsel[,] thereby preventing an adequate defense." U.S. v. Calderon, 127 F.3d 1314, 1343 (11th Cir.1997) (no abuse of discretion in refusing to permit defendant's counsel to withdraw after defendant's conviction but before sentencing; nothing in defendant's pro se motion indicated that counsel and defendant were unable to communicate in a manner that would allow for effective representation at the sentencing hearing, and counsel conceded that he did not take defendant's dissatisfaction with him personally and could effectively argue legal points on defendant's behalf).

Here the motion is timely but there is no conflict stated, only a disagreement over whether Spence has any meritable claims to be raised on appeal. *See Oimen v. McCaughtry,* 130 F.3d 809, 812 (7th Cir.1997) ("a disagreement over strategy" is "not a conflict of interest"). While Spence has a right to counsel on direct appeal following conviction, *id.* 130 F.3d at 811, he has no right to appointed counsel of his choice, nor the right to insist that counsel raise issues which counsel, in his professional judgment, chooses not to advance. *Id.*

In *Oimen,* the Seventh Circuit held that a State court criminal defendant (Oimen) validly waived his right to appellate counsel where, in his letter to the State appellate court, Oimen chose to discharge his appellate counsel—knowing that new counsel might not be appointed—rather than proceed with original appellate counsel. *Id.* at 811–12. Oimen's basis for seeking discharge of counsel was merely his disagreement with his counsel's strategic decision not to pursue a particular claim. *Id.* Based on Oimen's letter, the Seventh Circuit held that Oimen validly waived his right to appellate counsel. *Id.*

Spence, a convicted con-man who exhibited great difficulty in pleading guilty and accepting responsibility for a career which consisted of lying to and defrauding others, evidently will not accept the advice of counsel that, having pled guilty, there simply are few or no grounds on which to appeal. Nevertheless, Spence has only two choices: he may either accept his current counsel—who should prosecute Spence's appeal but file an *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) brief if warranted[1]—or waive his right to appellate counsel.

Should Spence choose to waive that right, he should immediately submit to this Court a signed, notarized Appellate Counsel Waiver, containing the following declarations:

(a) I am of sound mind and body and not under the influence of any drugs or substances which may impair my judgment.

(b) I am aware of my right to appeal. If I do not appeal I may waive other important rights, including any collateral review rights arising from 28 U.S.C. § 2255 and any other federal habeas remedies.

(c) I am aware of my right to appellate counsel if I cannot afford one of my own, though this Court has found that I am not entitled to replace my present counsel with another, appointed counsel.

(d) I am aware of the fact that if I can afford my own counsel then I may discharge my present counsel and replace him at my own expense.

To summarize, Spence must either accept appellate representation by his present counsel or waive that right. If he chooses to exercise his constitutional right to represent himself on appeal, *see Myers v. Johnson,* 76 F.3d 1330, 1334 (5th Cir.1996), he must do so "clearly and unequivocally," *id.* at 1335, in which case his declaration should conclude with the following provision:

(e) Notwithstanding the counseling I have received from my present attorney, and from the Court's 1/30/98 Order, I hereby elect to waive my right to appellate counsel and instead proceed to represent myself on appeal to the Eleventh Circuit Court of Appeals.

Spence must file his waiver by no later than 2/13/98. Upon Spence's failure to respond, his present counsel shall remain as his appellate counsel and shall comply with the *"Anders"* directions provided above. The Clerk shall promptly serve the Eleventh Circuit, counsel of record and the U.S. Marshall's Service with a copy of this Order. The U.S. Marshall is instructed to ensure prompt delivery of this Order to Spence (who may still be in transit at this time). Through the U.S. Attorney, the U.S. Marshall shall file certification of service with this Court.

---

1. *See Austin v. U.S.,* 115 S.Ct. 380, 381, 513 U.S. 5 , 130 L.Ed.2d 219(1994) ("indigent defendants pursuing appeals have a right to a brief filed on their behalf by an attorney, *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)....").