In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3072

Keith S. Betts,

Petitioner-Appellant,

v.

Jon E. Litscher,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 97-C-147--Aaron E. Goodstein, Magistrate Judge.

Submitted February 5, 2001--Decided February 22, 2001

   Before Easterbrook, Manion, and Diane P. Wood, Circuit
Judges.

   Easterbrook, Circuit Judge.  After his conviction
in state court for armed robbery, Keith Betts
told the court that he wanted to appeal.
Elizabeth Stephens, the assistant public defender
assigned to represent him under Wis. Stat.
sec.809.30, eventually decided that pursuing the
appeal would be frivolous. But instead of seeking
leave to withdraw while informing the court of
potential issues and the analysis supporting
counsel's conclusion that they are not
meritorious, see McCoy v. Wisconsin Court of
Appeals, 486 U.S. 429 (1988), First Assistant
Public Defender Mary E. Waitrovich wrote to the
court that Betts had "declined an opportunity to
have a no-merit report filed by Attorney Stephens
and elected to proceed pro se with an appeal."
That is the last anyone heard from counsel.

   Waitrovich may have thought that Betts had
"elected to proceed pro se", but he had a
different understanding. Betts peppered the court
with requests for a lawyer to assist him. Every
request was denied. The initial order, issued by
the Wisconsin Court of Appeals on August 14,
1989, shortly after Waitrovich's letter, stated
that the public defender's office had "properly
exercised its discretion in declining
representation" and that as a result "new counsel
will not be appointed for Betts." He persisted,

only to be met by judicial declarations that he had forfeited his right to counsel (or his right to contest his lawyers' performance) by not taking one or another step required by state law, such as initiating a postconviction proceeding in the trial court under Wis. Stat. sec.974.02. Betts soldiered on but isn't much of a lawyer; his conviction and 20-year sentence were affirmed. Next Betts tried collateral relief, failing in that quest as well. The court ruled that all of his requests, including the demand for counsel on direct appeal, had been forfeited. See Wisconsin v. Betts, 1995 Wis. App. Lexis 1351 (1st Dist. Oct. 31, 1995). In federal court a magistrate judge, presiding by consent, denied Betts' petition for a writ of habeas corpus.

Betts was constitutionally entitled to the assistance of counsel on direct appeal, but the state of Wisconsin gave him the runaround. It allowed counsel to withdraw unilaterally, then used the ensuing procedural shortcomings to block all avenues of relief. Yet one principal reason why defendants are entitled to counsel on direct appeal is so that they will not make the kind of procedural errors that unrepresented defendants tend to commit. The Constitution does not permit a state to ensnare an unrepresented defendant in his own errors and thus foreclose access to counsel. This is one of those rare cases where a state procedural ground not only is inadequate-- for it is circular and supposes that Betts properly lacked counsel when the missteps were made--but also contravenes rules articulated by the Supreme Court, and thus supports a writ of habeas corpus under 28 U.S.C. sec.2254(d)(1) because the state decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States". See also Williams v. Taylor, 529 U.S. 362 (2000).

Wisconsin does not deny that Betts was constitutionally entitled to the assistance of counsel on direct appeal, unless he waived that entitlement. There is scant evidence of waiver. Betts vociferously asserted that he wanted counsel. The only support for waiver is Waitrovich's statement. But Betts contested this, and the state court did not hold a hearing or use any other procedure to ascertain the truth. Indeed, the letter is inadequate on its own terms, for it does not reveal that Stephens or Waitrovich informed Betts about the judicial role. If they told Betts that his only options were either self-representation or a conclusive no-merit brief (= no representation), they gave him bad advice, for the court must review and may reject a no-merit report and either direct counsel to continue or appoint new counsel. Unfortunately, the record does not reveal what

information, if any, the public defender's office provided before Betts made this election between evils (if indeed he made any choice). Understanding one's options is an essential ingredient of waiver when the right at stake is counsel. See Johnson v. Zerbst, 304 U.S. 458 (1938). Waiver therefore has not been established. See Swenson v. Bosler, 386 U.S. 258 (1967). This case is some distance from Oimen v. McCaughtry, 130 F.3d 809 (7th Cir. 1997), in which the defendant discharged his lawyer after a brief had been filed on appeal and must have known that he had a right to an appellate decision on the existing brief. Betts did not have a chance to discharge Stephens; she quit on him.

   Nonetheless, the state observes that counsel need not pursue a frivolous appeal but may withdraw rather than violate standards of ethical conduct. See Anders v. California, 386 U.S. 738 (1967); Smith v. Robbins, 528 U.S. 259 (2000); McCoy v. Wisconsin Court of Appeals. True enough. Still, Anders, Smith, and McCoy all hold that counsel may not be the final judge of frivolousness. See Smith, 528 U.S. at 280 (discussing earlier holdings to the same effect). Counsel must set before the court the issues that may be raised on appeal and explain why none is meritorious. Many ways to carry out that task are conceivable; Anders, Smith, and McCoy conclude that each of three different approaches is adequate. But what they have in common--what Betts' case lacks--is judicial decision on frivolousness. Unless the court is satisfied that an appeal would be frivolous, counsel must be instructed to continue representing the appellant (or a new lawyer must be appointed). Attorney Stephens did not file a no-merit report, using the Wisconsin procedure that McCoy deemed constitutionally adequate. Instead she had her supervisor tell the court that in Stephens's view the appeal lacked merit, and that Betts had elected to proceed pro se rather than have his lawyer lay out the details. Under Anders, Smith, and McCoy, this is a cold flunk. The court played no role in evaluating the merits of the appeal. The process could be saved only if Betts actually waived his right to the assistance of counsel. Because this record does not demonstrate waiver, it follows that Wisconsin deprived Betts of his constitutional right to the assistance of counsel on direct appeal.

   Attempting to defend the judgment in its favor, Wisconsin suggests that any error was harmless because Stephens was right--Betts really had no non-frivolous issue for direct appeal. This argument, too, is "contrary to . . . clearly established Federal law, as determined by the

Supreme Court of the United States". Penson v. Ohio, 488 U.S. 75, 85-89 (1988), holds that when a state court allows appellate counsel to withdraw without an independent judicial determination of the appeal's merit, the defendant is entitled to a fresh appeal without demonstrating that the initial appeal was non-frivolous. Jumping ship, as Stephens did, is a form of abandonment, and a defendant abandoned by his lawyer has suffered injury from that very fact--from the loss of advocacy services that could have been used to establish a non-frivolous issue for appeal. See also, e.g., Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000); Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994).

Betts must be restored to the position he would have occupied had the state judiciary properly implemented McCoy and related cases. The judgment of the district court is vacated, and the case is remanded with instructions to issue a writ of habeas corpus requiring Betts' release unless, within 60 days, Wisconsin affords him a new appellate proceeding, as if on direct appeal, with the assistance of appointed counsel. The new proceeding must include an opportunity to cure (by filing motions under Wis. Stat. sec.974.02) whatever procedural gaffes Betts committed when he lacked legal assistance. It may be that his new counsel will agree with Stephens that there are no non-frivolous issues, and in that event counsel may move to withdraw under the McCoy procedure. All we decide is that Betts' current custody is unlawful because he did not have the assistance of an advocate on direct appeal.