**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Martez A. MORRISON, Defendant-**
**Appellant.**

**No. 00-1710.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 22, 2001.

Decided March 22, 2001.

Before BAUER, WOOD, Jr., POSNER, Circuit Judges.

### ORDER

Martez Morrison pleaded guilty to possession of cocaine base with intent to distribute, *see* 21 U.S.C. § 841(a)(1), and was sentenced to 200 months' imprisonment. Morrison filed a notice of appeal, but his court-appointed attorney has moved to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern a nonfrivolous issue to advance on appeal. Morrison filed a response under our Circuit Rule 51(b), and we limit our review to the potential issues identified in it and in counsel's brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

■ Counsel first considers whether Morrison might contest the validity of his guilty plea, but notes that because Morrison never moved to withdraw his plea in the district court, such a challenge would be reviewed only for plain error. *See United States v. Akinsola,* 105 F.3d 331, 333 (7th Cir.1997). In any event, counsel notes, substantial compliance with Federal Rule of Criminal Procedure 11 is all that is required. *See id.* at 334. Here, after determining that Morrison was competent to enter a plea, the district court reviewed with Morrison (with the prosecutor's assistance) the nature of the charge, the possible penalties, and the various rights Morrison would waive by pleading guilty. *See* Fed.R.Crim.P. 11(c), (d). Moreover, Morrison stated under oath that he understood the consequences of his plea and that he had not been pressured or coerced into entering it, and in the absence of contrary evidence we presume these representations to be truthful. *See Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir. 2000). Accordingly, we agree with counsel that any challenge to the validity of Morrison's guilty plea would be frivolous.

■ Counsel next assesses whether Morrison might argue that the district court erred in denying his objections to the type and quantity of drugs attributed to him in the presentence investigation report. But these calculations did not affect Morrison's sentence; the guidelines' career offender provision yielded a higher offense level, so Morrison was sentenced based on that level instead. *See* U.S.S.G. § 4B1.1 (career offender offense level "shall apply" if "greater than the offense level otherwise applicable"). Thus, as counsel concludes, any objections to the PSR's relevant conduct calculations would be moot. *See, e.g., United States v. McNeil,* 90 F.3d 298, 300 (8th Cir.1996).

Next, Morrison contends that he was assigned too high an offense level because the district court applied the wrong statutory maximum. But 21 U.S.C. § 841(b)(1)(C) sets the maximum penalty for defendants like Morrison, who commit offenses involving more than 5 grams of crack *after* conviction for another felony drug offense, at 30 years. Applying this statutory maximum to U.S.S.G. § 4B1.1's career offender table yields an offense level of 34. Morrison's offense level was reduced to 31 based on acceptance of responsibility, U.S.S.G. § 4B1.1, and he was sentenced in the middle of the corresponding guideline range (188–235 months). Morrison does not explain his contention that the statutory maximum applied was incorrect, and we discern no error. In any event, Morrison cannot challenge his career offender status or corresponding offense level because he stipulated to both in the plea agreement. *See United States v. Robinson*, 14 F.3d 1200, 1206 (7th Cir. 1994) (defendant waives any right to challenge contents of plea agreement when he signs it).

Morrison and his counsel also propose arguing that the district court erred in refusing to reduce Morrison's offense level based on his mitigating role in the offense, but this argument, too, is foreclosed: defendants sentenced as career offenders are not eligible for mitigating-role reductions. *See United States v. Ward*, 144 F.3d 1024, 1036 (7th Cir.1998) (only acceptance-of-responsibility adjustments are available to defendants sentenced under career offender provision).

Finally, counsel evaluates a potential challenge to the district court's refusal to depart downward under U.S.S.G. § 5K2.0 based on Morrison's role as a minor participant. But the district court explicitly stated that Morrison's case was not an "appropriate case for the Court to exercise its discretion for a downward departure under § 5K2." As counsel notes, we lack jurisdiction to review a district court's refusal to depart downward when it acknowledges its authority to do so. *See United States v. Lovaas*, 241 F.3d 900, 901–02 (7th Cir. 2001).

Morrison's only other objection is to the *Anders* procedure itself: he asserts that filing an *Anders* brief is tantamount to client abandonment. But the Supreme Court has approved this procedure in cases where tension exists between counsel's duty as an advocate and his obligation to refrain from advancing frivolous arguments. *See Anders*, 386 U.S. at 744. An attorney who files a sufficient *Anders* brief, as counsel did here, has not abandoned his client. *Cf. Betts v. Litscher*, 241 F.3d 594, 596–97 (7th Cir.2001).

Because we conclude that the potential arguments raised in the brief and reply in this case would be frivolous, we GRANT counsel's Motion to Withdraw and DISMISS Morrison's appeal.