United States Court of Appeals,

Eleventh Circuit.

Nos. 93-9382, 94-8385.

UNITED STATES of America, Plaintiff-Appellee,

v.

Gary FROST, Major, George Johnson, Edward Wayne Martin, Defendants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

Gary FROST, Major, Defendant-Appellant.

March 19, 1996.

Appeal from the United States District Court for the Middle District of Georgia. (No. CR 93-31-MAC (WDO), Wilbur D. Owens, Jr., Judge.

Before HATCHETT, Circuit Judge, HENDERSON, Senior Circuit Judge, and YOUNG[*], Senior District Judge.

CORRECTED OPINION

PER CURIAM:

Our earlier opinion, reported at 61 F.3d 1518, is hereby modified by withdrawing that portion thereof designated as section B. 1. of part II., beginning on page 1523, and substituting the following:

B. EVIDENTIARY CHALLENGES.

1. *Jurisdiction.*

Appellants Frost and Johnson also argue that the evidence was insufficient to support the Hobbs Act jurisdictional allegations contained in the indictment. The government was required to prove two essential elements to support the Hobbs Act offense alleged in Count 1—"interference with [interstate] commerce, and extortion." *Stirone v. United States,* 361 U.S. 212, 218, 80 S.Ct. 270, 274, 4

_____

[*]Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

L.Ed.2d 252, 257 (1960). Proof of a connection to interstate commerce is a jurisdictional prerequisite to a Hobbs Act conviction. *United States v. Alexander,* 850 F.2d 1500, 1503 (11th Cir.1988), *cert. denied,* 489 U.S. 1068, 109 S.Ct. 1346, 103 L.Ed.2d 814 (1989), and *vacated on other grounds,* 492 U.S. 915, 109 S.Ct. 3236, 106 L.Ed.2d 584 (1989); *United States v. De Parias,* 805 F.2d 1447, 1450 (11th Cir.1986), *cert. denied,* 482 U.S. 916, 107 S.Ct. 3189, 96 L.Ed.2d 678 (1987). Although the indictment sufficiently alleged an interstate commerce nexus, we agree that the government's proof fell short of its intended purpose.

There was some mention made that the affairs of the city council were linked to interstate commerce. William Douglas, the target of the blackmail, testified that the council employed a Jacksonville, Florida engineering firm to perform consulting work and that the city sometimes purchased items that moved in interstate commerce. There was no showing, however, that the resignation of one member of the six-member city council would have impacted the continuing business of that governing body in such a manner as to constitute a violation of the federal statute. Therefore, we cannot say, on the record before us, that the extortionate threat, if it had succeeded, "was likely to have the natural effect of obstructing commerce." *United States v. Farrell,* 877 F.2d 870, 875 (11th Cir.), *cert. denied,* 493 U.S. 922, 110 S.Ct. 289, 107 L.Ed.2d 268 (1989). Consequently, we must reverse Appellants' convictions on Count 1 of the indictment, including that of Martin. Although Martin did not assert this issue on appeal, a Hobbs Act conviction may not stand absent proof of interference with interstate commerce, "since the Federal Government's jurisdiction of this crime rests only on that interference." *Stirone,* 361 U.S. at 218, 80 S.Ct. at 274, 4 L.Ed.2d at 257.

> In light of the failure of the government's proof in this respect, we find it unnecessary to address whether *United States v. Lopez,* --- U.S. ----, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (invalidating the Gun-Free School Zones Act of 1990 as beyond Congress' Commerce Clause authority), which was decided after oral argument was heard in this case, altered the measure of evidence necessary to support the interstate commerce element of a Hobbs Act prosecution. This is so because, even under pre-*Lopez* law, the evidence of an interstate commerce nexus was not enough.

With this change we also amend part III of the opinion on page 1529 to delete the second sentence and substitute in its place:

> For the reasons expressed, we VACATE Appellants' convictions and sentences on Count 1 of the indictment, we AFFIRM the remaining convictions of Appellants Frost and Johnson and we AFFIRM the denial of Appellant Frost's Motion for New Trial; We REVERSE the remaining sentences of Appellants Frost, Johnson and Martin and REMAND to the

district court for resentencing proceedings consistent with this opinion.

Except for these modifications, the remainder of the opinion is unchanged.