United States Court of Appeals,

Eleventh Circuit.

No. 94-4846.

UNITED STATES of America, Plaintiff-Appellee,

v.

Todd McCUTCHEON, a/k/a "Todd Smith," a/k/a "Latralle Rene Smith," Defendant-Appellant.

June 20, 1996.

Appeal from the United States District Court for the Southern District of Florida. (Nos. 91-6106, 6107-CR-NCR), Norman C. Roettger, Jr.

Before TJOFLAT, Chief Judge, and RONEY and PHILLIPS[*], Senior Circuit Judges.

PER CURIAM:

Todd McCutcheon seeks reversal of his cocaine convictions (21 U.S.C. §§ 841(a)(1), 846) on two arguments:

*First,* The trial court erred by summarily disqualifying the his initial counsel of choice;

*Second,* the trial court erroneously refused to dismiss the indictments under the Speedy Trial Act. Finding no abuse of discretion on the first issue and the law against the defendant on the second, we affirm.

*1. Disqualification of Counsel*

The procedural history of this case need not be recited here since it is well-known to the parties who are not in conflict on the basic trial history. Todd McCutcheon was arraigned on June 4, 1991, in two cases involving crack cocaine: distribution on

---

[*]Honorable J. Dickson Phillips, Jr., Senior U.S. Circuit Judge for the Fourth Circuit, sitting by designation.

December 14, 1989, and conspiracy and distribution with a co-defendant, James Samuels, on January 24, 1990. After a lengthy period of time, the cases were consolidated on McCutcheon's motion.

On July 12, 1993, the anticipated trial date, Peter Aiken, McCutcheon's attorney, proffered for the first time an entrapment defense that would inculpate Samuels. Samuels said that, in that event, he would testify and contradict McCutcheon's entrapment testimony. It was later disclosed to the court that Aiken had represented Samuels in a crack cocaine case a few years ago, that Samuels had confided to Aiken certain personal information concerning his background, and that he would not waive any privilege attendant to Aiken's prior representation. The district court held that Aiken was disqualified and could not represent McCutcheon in a trial of the co-defendants. It refused to sever the trials. After McCutcheon obtained new counsel, the cases were eventually severed because of conflicts in counsel's schedule. McCutcheon's trial commenced on October 6, 1993. McCutcheon asserted his entrapment defense and called witnesses. Samuels did not testify in his trial. On October 19, the jury found defendant guilty of all three counts.

The constitutional guarantee of counsel under the Sixth Amendment has been construed to include four rights: the right to counsel, *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the right to effective assistance of counsel, the right to a preparation period sufficient to ensure a minimal level of quality of counsel, and the right to be represented by counsel of one's own choice. *Glasser v. United States,* 315 U.S. 60, 70, 62

S.Ct. 457, 465, 86 L.Ed. 680 (1942).

We note that there has been no issue raised concerning effectiveness of defendant's trial counsel or concerning any other error at trial for that matter. From all that appears in the record before us, McCutcheon was fairly tried and properly convicted. To the extent that his allegations of entrapment might fit into the law of entrapment at all, the evidence was presented to a properly instructed jury which rejected this defense. There was no argument made that he did not in fact make the sales of crack cocaine as alleged.

Therefore, the issue that counsel quite properly focuses on is the fourth component of the right to counsel: the right to counsel of choice. We have consistently held that while the right to counsel is absolute, there is no absolute right to counsel of one's own choice. *United States v. Padilla-Martinez,* 762 F.2d 942, 946 (11th Cir.) *cert. denied,* 474 U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 802 (1985). Any number of cases have held that the right to a choice of counsel is subordinate to the requirements of the efficient and orderly administration of justice.

There can be no doubt that Aiken's prior representation of Samuels created an ethical conflict that would disqualify him from cross-examining Samuels. There was clearly no abuse of discretion in holding that Aiken was disqualified from representing McCutcheon in a joint trial with Samuels. Judge Frank M. Johnson set forth the settled law in this Circuit in *United States v. Ross,* 33 F.3d 1507, 1523 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 2558, 132 L.Ed.2d 812 (1995).

The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial. *See United States v. Casiano,* 929 F.2d 1046, 1052 (5th Cir.1991). When an actual conflict of interest exists, the client is denied effective assistance of counsel and the attorney may be disqualified. *United States v. Martinez,* 630 F.2d 361, 362 (5th Cir.1980), *cert. denied,* 450 U.S. 922, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981). Indeed, even a potential conflict suffices for disqualification. *Wheat,* 486 U.S. at 164, 108 S.Ct. at 1700 ("a showing of a serious potential for conflict' overcomes presumption in favor of defendant's counsel of choice).

Defendant argues that he sought to waive the conflict but the trial court erroneously failed to consider a waiver. The Court could not be faulted, however, under the broad discretion allowed trial judges in such matters. *Wheat v. United States,* 486 U.S. 153, 163, 108 S.Ct. 1692, 1699, 100 L.Ed.2d 140 (1987) ("[W]e think the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in more common cases where the potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."). Defendant's argument overlooks the fact that it is the ethical responsibility to Samuels that also deserves protection, and that Samuels refused to waive that conflict. Any time that there is an attempt to waive vigorous representation of a criminal defendant, there is always the possibility of laying a conviction open to an ineffective assistance of counsel claim.

Defendant contends that if the district court had just severed the trials as requested at the time the conflict appeared, he would have been able to keep Aiken as his counsel. The standard

of review for refusal to grant a severance is abuse of discretion. *United States v. Macko,* 994 F.2d 1526, 1536 (11th Cir.1993); *see United States v. Lopez,* 898 F.2d 1505, 1510 (11th Cir.1990). A review of the record reveals that, viewing the case as it appeared to the trial judge at that time, there was no abuse of the broad discretion which is allowed a trial court to manage its own docket. This Court is always "reluctant to reverse a district court's denial of severance, particularly in conspiracy cases, as generally "persons who are charged together should also be tried together.' " *United States v. Knowles,* 66 F.3d 1146, 1158 (11th Cir.1995), *cert. denied sub nom.,* --- U.S. ----, 116 S.Ct. 1449, 134 L.Ed.2d 568 (1996).

In any event, a separate trial would not have helped defendant if Samuels were to testify in McCutcheon's trial and whether Samuels testified might have turned upon who was tried first. Criminal defendants cannot through choice of counsel control the management of a trial court's docket. Absent compelling reasons as to why defendant's choice of counsel should be accommodated, there was no error in refusing to sever the trials at the time that decision was made.

Although subsequent events might indicate it would have been the better part of discretion to grant a severance, that does not require the reversal of the defendant's conviction at a fair trial with effective assistance of counsel. To show an abuse of the district court's broad discretion, the defendant must show compelling prejudice. *United States v. Knowles,* 66 F.3d 1146 (11th Cir.1995); *United States v. Frost,* 61 F.3d 1518 (11th Cir.1995),

*modified,* 77 F.3d 1319 (11th Cir.1996); *United States v. Strollar,* 10 F.3d 1574 (11th Cir.). *cert. denied,* --- U.S. ----, 114 S.Ct. 2688, 129 L.Ed.2d 820 (1994).

Of course, because McCutcheon was eventually separately tried for other reasons, any issue as to whether the alleged conflict between McCutcheon and Samuels should have dictated a severance has become moot. *See United States v. Andrews,* 765 F.2d 1491, 1498 (11th Cir.1985), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986) (compelling prejudice does not exist automatically where one defendant asserts an entrapment defense at a joint trial). *But see United States v. Rucker,* 915 F.2d 1511 (11th Cir.1990) (separate trials required when two defendants in one car with drugs, each testifying that the drugs belonged to the other).

### *2. Denial of Speedy Trial Dismissal*

Although two years elapsed between McCutcheon's arraignment and trial, his rights under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.,* were not violated. The issue turns on an argument over the days excludable from the speedy trial computation. The Act provides for a 70-day time limitation for the commencement of trial after the filing of the indictment charging a defendant, or after the later appearance before a judge or magistrate judge. The Act in § 3161(h), however, contains numerous provisions for extension of that time. The district court's factual determination as to what constitutes excludable time is protected by the clearly erroneous standard of review. *United States v. Taylor,* 487 U.S. 326, 337, 108 S.Ct. 2413, 2420, 101 L.Ed.2d 297 (1988).

A review of the file and the arguments reveals that the Government's brief correctly argues that under the law of this Circuit, the district court properly found sufficient excludable days from the computation so that there was no violation of the Speedy Trial Act. *United States v. Davenport,* 935 F.2d 1223 (11th Cir.1991) (For those pretrial motions which require hearings, all the time between the filing of the motion and the conclusion of the hearing is excluded). *Henderson v. United States,* 476 U.S. 321, 330, 79 L.Ed.2d 299, 309, 106 S.Ct. 1871 (1986) (Congress intended to exclude all such time "whether or not a delay in holding that hearing is "reasonably necessary.' ").

AFFIRMED.