**UNITED STATES of America, Plaintiff,**

v.

**Marvin HERSH, Defendant.**

**No. 97–8051–CR.**

United States District Court,
S.D. Florida.

May 22, 1998.

Thomas A. O'Malley, John McMillan, Asst. U.S. Attys., Miami, FL, for Plaintiff.

Kenneth T. Lange, Miami, FL, for Defendant.

### ORDER ON DISQUALIFICATION OF KENNETH T. LANGE, ESQUIRE

GOLD, District Judge.

The Government has moved to disqualify the Defendant's attorney, Kenneth T. Lange, from further representation of Defendant Hersh in these proceedings. A hearing was held on the Government's motion on Tues-

day, May 19, 1998, at which time the Court heard argument and the statement of Defendant Marvin Hersh. At the conclusion of the hearing, the Court granted the Government's motion. By this Order, the Court supplements its oral ruling with the following written findings, legal conclusions and directives.

### I. *FACTUAL BACKGROUND.*

On January 12, 1998, the Court permitted Mr. Lange to substitute as counsel for the Defendant's prior counsel, Mr. Charles L. Jaffe, Esquire. At that time, the case had been pending for more than six months. It originally was assigned to the Honorable Daniel T.K. Hurley when the Indictment was filed in April, 1997, charging Defendant Hersh with multiple counts of unlawful sexual activities with a minor in violation of federal law. The case was set for trial by Judge Hurley on August 4, 1997. On July 16, 1997, Mr. Jaffe filed a motion for continuance requesting more time to prepare for trial. Prior to a ruling on the motion, the case was transferred to the undersigned. By order dated, August 7, 1997, the trial date was reset for the trial period commencing October 14, 1997. On October 9, 1997, Mr. Jaffe again moved for continuance and requested additional time to investigate nine witnesses from Honduras. By order dated October 20, 1997, the Court granted the continuance and *specially* set the cause for trial on Monday, February 8, 1998.

On January 2, 1998, Mr. Lange moved to substitute as counsel for Mr. Jaffe. He claimed in the motion that Mr. Jaffe had not prepared an adequate defense due to a "complete breakdown" in communication with Defendant Hersh. Over strong opposition from the Government,[1] the Court granted substitution of counsel on the personal assurance of Mr. Lange that he would be available and ready for trial on May 11, 1998, a date specially set at the request of Mr. Lange. At no time during the Court's colloquy with Mr. Lange did he advise of any potential impedi-

---

[1] The Government was concerned that if the continuance was granted, Child Victim #1 would reach the age of majority before the case could be tried. Child Victim #1 desired to return to Honduras when he reached majority. At the time of the motion, Child Victim #1 was a ward of the State of Florida. By subsequent order, the Court permitted the Government to depose Child Victim #1 and otherwise make arrangements through subpoena for him to be held for trial on a date to be specially set.

ment known to him that could affect the trial date. If such an impediment was disclosed, the Court would not have permitted Mr. Lange, as compared to some other attorney, to substitute as counsel for the Defendant. Given that the May 11th trial date was more than one year after the filing of the initial indictment, the Court expressed its concern over the number of continuances requested and their impact on Child Victim # 1 who would reach majority prior to the May 11th trial date. The Court emphasized that additional continuances would not be considered absent extraordinary circumstances.

Notwithstanding Mr. Lange's assurance that he would be ready for trial by May 11th, he filed, on April 20, 1998, a motion to continue the trial date until after August 31, 1998 [D.E. 182]. The Court, following argument, denied the motion. Immediately thereafter, Mr. Lange twice renewed his motion for continuance [D.E. 201] [D.E. 229]. Each subsequent motion was summarily denied, although the commencement of trial was delayed because the Court was concluding a four week criminal trial which ultimately did not reach jury deliberation until May 19th, 1998.

Of importance to these proceedings, Mr. Lange did not advise this Court or his client, Defendant Hersh, either at the time of his motion for substitution, or at any time thereafter, that he was the subject of disciplinary proceedings **then pending** before the Florida Supreme Court in which the Florida Bar was requesting his suspension from the practice of law for at least three months. It was not until May 15th, 1998 that Mr. Lange first advised the Court [and his client] of the disciplinary proceedings, and this occurred **only after** the Florida Supreme Court, on May 14, 1998, rendered its opinion suspending him from the practice of law for **one year effective June 12, 1998** due to ethical violations in unrelated federal cases. *The Florida Bar v. Kenneth T. Lange*, 87,537 & 88,694, 711 So.2d 518 (Fla. May 14, 1998). The Florida Supreme Court ordered that his suspension would be effective 30 days from the date of the opinion [June 12th, 1998] "so that he can close out his practice and protect the interest of existing clients."

On May 18th, 1998, the Government moved to disqualify Mr. Lange from further representation of Defendant Hersh. At the May 19th hearing, the Government advised that, due to the significant number of exhibits and witnesses, its estimate of trial time was a minimum of three to four weeks following jury selection, if not longer. Although Mr. Lange attacks the Government's position as deceitful, the Court finds that the Government's estimate is made in good faith and probably underestimates the time necessary to complete this trial. Moreover, without doubt, Mr. Lange will not be available to file post trial motions in the event of an adverse verdict and thereafter represent his client during the sentencing phase. Notwithstanding, Defendant Hersh expressed his willingness to waive all potential conflicts in order to keep Mr. Lange as his trial counsel. In opposition, the Government argues that the circumstances are so fraught with pitfalls that any waiver would be inadequate; that Mr. Lange's representation invites future attacks; and that proceeding to trial given the circumstances is unfair to the victims.

## II. *APPLICABLE LAW*

The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." In *United States v. Morrison*, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981), the United States Supreme Court observed that this right was designed to assure fairness in the adversarial criminal process. The Supreme Court further observed that the purpose of providing assistance of counsel "is simply to ensure that criminal defendants receive a fair trial," *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that in evaluating Sixth Amendment claims, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." *United States v. Cronic*, 466 U.S. 648, 657 n. 21, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The Supreme Court later observed that "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to

ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States,* 486 U.S. 153, 158, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *see also United States v. Calderon,* 127 F.3d 1314, 1343 (11th Cir.1997) (essential aim of Sixth Amendment right to lawyer is to guarantee effective assistance for defendant).

█ As further noted in *Wheat,* the Sixth Amendment right to choose one's own counsel is circumscribed in several important respects. For instance, "[r]egardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court." *Wheat,* 486 U.S. at 158, 108 S.Ct. 1692. Paraphrasing *Wheat,* where a court justifiably finds an issue as to counsel's standing to practice law, there can be no doubt that it may decline a proffer of waiver, and insist that the defendant be represented by new counsel. *Id.* at 158, 108 S.Ct. 1692 ("Petitioner insists that the provision of waivers ... cures any problems created by the multiple representations. But no such flat rule can be deduced from the Sixth Amendment presumption in favor of counsel of choice. Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them"). To do otherwise invites disrespect for the integrity of the court and is detrimental to the independent interest of the trial judge to be free from future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court and the subtle problems implicating the defendant's comprehension of the waiver. *Wheat,* 486 U.S. at 161, 108 S.Ct. 1692 (quoting with approval from *United States v. Dolan,* 570 F.2d 1177, 1184 (3rd Cir.1978)).

█ Here, Mr. Lange has been suspended from the practice of law in the State of Florida for one year commencing June 12th, 1998 due to ethical violations, as found by the Florida Supreme Court. His mandate, prior to June 12th, is to "close out his practice" and "protect the interest of existing clients." His imminent suspension[2] clouds his representation of Defendant Hersh on the lengthy criminal trial that is to commence on May 20, 1998 and, given his circumstances, raises serious concerns about future attacks over the adequacy of his representation and of any waiver offered by Defendant Hersh. To proceed to trial under these circumstances is inconsistent with the interests of justice of all concerned. It would be intolerable to declare a mistrial because the defense attorney is no longer qualified to practice before the Court. Even if the trial could be completed before Mr. Lange's effective suspension date [a matter which is extremely doubtful given the large number of exhibits and witnesses involved], serious questions can be raised in post trial proceedings as to whether Mr. Lange "rushed" his defense to complete the case before the deadline. The 11th Circuit recently warned that any time there is an attempt to waive vigorous representation, there is always the possibility of laying a conviction open to an ineffective assistance of counsel claim. *United States v. McCutcheon,* 86 F.3d 187, 189 (11th Cir.1996). Unfortunately for all concerned, this matter must be viewed as of May 19th without the benefit of predictable prophesy regarding the course of future events. Thus, the Court's concern is not only over what is actually known, but for what potential exists which may or may not burgeon into an actual conflict or insurmountable problems as the trial progresses. As noted in *Wheat,* the Court's obligation is to focus on the entire adversarial process, and not only on the accused's relationship with his lawyer as such. 486 U.S. at 158, 108 S.Ct. 1692. Given that mandate, there is little choice except to appoint new counsel.

### III. *OTHER CONSIDERATIONS.*

█ This Court has grave concerns over Mr. Lange's failure to advise this Court or his client of the pending Florida Bar proceedings. As indicated above, such knowledge would have affected this Court's decision to permit Mr. Lange to substitute as counsel. The Court considers his failure to disclose to be equivalent to an affirmative

---

**2.** Subject to certain exceptions, a final adjudication in another court that an attorney has been guilty of misconduct establishes conclusively the misconduct for the purposes of a disciplinary proceeding in the United District Court for the Southern District of Florida. Rule V. A, Rules Governing Attorney Discipline, S.D.Fla.L.R.

misrepresentation. It is simply not an excuse to say that the Bar Referees did not recommend a suspension and, therefore, there was no duty to disclose. The lawyer's belief or legal view based on such knowledge is not the test. Rather, the lawyer is under a duty of candor toward the tribunal, and it is then up to the Court to determine how the information should be weighed and applied.

Because of the Court's concerns, I am submitting to the Florida Bar a copy of this Order for its consideration and investigation as to possible ethical violations by Mr. Lange pertaining to his practice before this Court and on behalf of his client, Defendant Hersh, to whom he did not disclose his situation as well, and who now finds himself months away from trial and subject to further pretrial detention. Furthermore, by this Order, I am referring this matter to the Chairperson of this Court's Grievance Committee for proceedings consistent with Rule III of the Rules Governing Attorney Discipline, Local Rules of the United States District Court for the Southern District of Florida.

### IV. *ORDERS OF THE COURT.*

1. The Government's motion to disqualify Mr. Lange is **GRANTED.**

2. The trial set to commence on May 20, 1998 is continued. The Court finds that based on the factors set forth in this order, the ends of justice will be served by granting this continuance and outweighs the best interest of the public and defendant in a speedy trial. The period of time from May 20, 1998, until the time the defendant's new counsel is ready for trial and a new trial date has been set, shall be excluded from speedy trial computation. 18 U.S.C. section 3161(h)8(A).

3. A new counsel shall be appointed for Defendant Hersh given his limited financial circumstances. Upon appointment, a status conference shall be set by separate court order. At the status conference, a new trial date shall be set.

4. Mr. Lange is ordered to provide new counsel with his complete defense file in order to facilitate his client's defense.

5. A copy of this Order shall be sent to the Florida Bar with the request that an investigation be conducted over possible violations of the Florida Bar Rules of Professional Conduct by Mr. Lange for his failure to disclose the ongoing Florida Bar disciplinary proceedings to this Court or to Defendant Hersh.

6. A copy of this Order shall be forwarded to the Chief Judge of the United States District Court for the Southern District of Florida to initiate disciplinary proceedings against Mr. Lange in accordance with Rules Governing Attorney Discipline.