[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13764
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-24666-UU

MARCO WATTS,

                              Plaintiff - Appellee,

versus

CLUB MADONNA, INC.,
a Florida for-profit corporation,
LEROY C. GRIFFITH,

                              Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 8, 2019)

Before MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Marco Watts, a disc jockey, sued Club Madonna, Inc., a gentlemen's club, and its owner Leroy C. Griffith (collectively and individually "Club Madonna") for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA") and Florida state law.  After Club Madonna failed to timely file its response to Watts's motion for partial summary judgment and the district court denied Club Madonna's request for an extension, the district court granted partial summary judgment to Watts.  Club Madonna moved for reconsideration of the district court's summary judgment order, but the district court denied that motion. On appeal, Club Madonna argues that the district court abused its discretion in denying its motions for an extension and reconsideration and erred in granting partial summary judgment to Watts.  After careful review, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

We limit our recitation of the facts to the procedural history of this case because the underlying facts are irrelevant to our disposition of this appeal.

Watts, a disc jockey at Club Madonna, sued the club for unpaid minimum and overtime wages under the FLSA, 29 U.S.C. §§ 201-219, and Florida state law. In its scheduling order, the district court set June 8, 2018 as the deadline for the parties to move for summary judgment and June 22, 2018 as the deadline for the parties' joint pretrial stipulations, jury instructions, and proposed findings of fact and conclusions of law.  On June 8, 2018, Watts moved for partial summary

2

judgment on the question of whether he was an employee of Club Madonna as opposed to an independent contractor. Under the district court's local rules, Club Madonna's response was due 14 days later, on June 22, 2018—the same date the parties' joint filings were due. *See* S.D. Fla. R. 7.1(c).

June 22, 2018 fell on a Friday. At 6:11 p.m. that day, Club Madonna filed an unopposed motion for a five-day extension to respond to Watts's motion for partial summary judgment. In the motion, Club Madonna's counsel explained that (1) it had just received an hour earlier Watts's drafts of the joint pretrial stipulation, jury instructions, and proposed findings of fact and conclusions of law; (2) it was still waiting on the transcript of Watts's deposition, which was supposed to be ready by the following Monday; and (3) its counsel was understaffed. The parties filed their joint pretrial stipulation, joint jury instructions, and individually proposed verdict forms that day, but Club Madonna failed to timely file its summary judgment response.

The following Monday, the district court denied Club Madonna's motion for an extension to file its summary judgment response, explaining that it "had considered the motion[] [and] the pertinent portions of the record and [wa]s otherwise fully advised in the premises." Doc. 64 at 1.[1] The same day, the district court granted partial summary judgment to Watts, considering the facts asserted in

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

Watts's motion to be undisputed, as permitted by Federal Rule of Civil Procedure 56(e)(2) and (3).

Club Madonna then filed a motion for reconsideration of the district court's order granting partial summary judgment to Watts, arguing that its failure to respond timely to Watts's motion for partial summary judgment constituted excusable neglect and that the district court, "for all practical purposes," had entered a "default" against it.  Doc. 66 at 6.  Club Madonna requested that the district court vacate its order granting partial summary judgment to Watts and permit Club Madonna to file its proposed summary judgment response that it attached to its motion for reconsideration.  The district court denied Club Madonna's motion for reconsideration, explaining that failure "to manage a busy caseload . . . is not sufficient grounds for reconsideration."  Doc. 67 at 2.

After the parties agreed to stipulate as to the number of days and hours Watts worked at Club Madonna, the only remaining issue of fact to be tried, the district court entered final judgment in favor of Watts.  Club Madonna timely appealed.

## II.    STANDARDS OF REVIEW

We review for abuse of discretion denials of motions for extensions of time, *Barrett v. Walker Cty. Sch. Dist.*, 872 F.3d 1209, 1230 (11th Cir. 2017), and motions for reconsideration of nonfinal orders, *Region 8 Forest Serv. Timber*

4

*Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (internal quotation marks omitted).  The abuse-of-discretion standard means that the "district court has a range of options[,] and so long as the district court does not commit a clear error in judgment, we will affirm the district court's decision."  *Young v. City of Palm Bay*, 358 F.3d 859, 863 (11th Cir. 2004).

We review *de novo* a district court's grant of partial summary judgment. *O'Neal v. United States*, 258 F.3d 1265, 1270 (11th Cir. 2001).

## III.   DISCUSSION

Club Madonna contends that the district court (1) abused its discretion in denying Club Madonna's unopposed motion for an extension to file its response to Watts's motion for partial summary judgment; (2) abused its discretion in denying Club Madonna's motion for reconsideration of the order granting partial summary judgment to Watts; and (3) erred in granting partial summary judgment to Watts. Concluding that the district court committed no abuse of discretion or error that would merit vacatur, we affirm.

5

**A. The District Court Did Not Abuse Its Discretion in Denying Club Madonna an Extension to File Its Summary Judgment Response.**

A district court may extend a deadline before the original deadline has expired if the requesting party demonstrates "good cause." *See* Fed. R. Civ. P. 6(b)(1)(A). We have no cases applying Federal Rule of Civil Procedure 6(b)(1)(A)'s good cause standard, so we look to our cases analyzing the same standard under Rule 16(b)(4), which permits district courts to modify scheduling orders. Under Rule 16(b)(4), the party requesting the extension demonstrates good cause only if, "despite [its] diligence," the party cannot meet the deadline. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks omitted).

Neither of the reasons Club Madonna offers for why the district court should have granted the extension demonstrates diligence—or good cause. First, Club Madonna argues that its receipt from Watts of the drafts of the parties' joint filings at 4:58 p.m. on Friday, June 22, 2018 presented "extenuating and unexpected circumstances," making it "impossible" for Club Madonna to timely finalize the parties' joint filings *and* respond to Watts's motion for partial summary judgment. Appellants' Initial Br. at 23. But Club Madonna had long known of the deadlines looming on that Friday. The district court entered its scheduling order on February 13, 2018. That order set deadlines of June 8, 2018 for the parties to move for summary judgment and June 22, 2018 for their joint pretrial stipulations, jury

6

instructions, and proposed findings of fact and conclusions of law. Given the district court's local rule requiring opposing memoranda of law to be filed no later than 14 days after service of the motion being opposed, S.D. Fla. R. 7.1(c), Club Madonna's counsel knew it was possible that Watts would move for summary judgment on June 8, 2018 and that its response would be due 14 days later—on June 22, 2018.

Thus Club Madonna knew as early as February 13, 2018 that Friday, June 22, 2018 might be a day of dual deadlines for the parties' joint filings and Club Madonna's response to a motion for summary judgment that Watts might file. And it knew when Watts moved for partial summary judgment—two weeks before June 22, 2018—that the dual deadlines would in fact be in effect. Given the two weeks that Club Madonna had to meet the dual deadlines, Club Madonna's receipt on Friday evening of Watts's drafts of the parties' joint filings cannot demonstrate good cause for Club Madonna's missing the deadline for its summary judgment response.

Second, Club Madonna argues that it was still waiting on the transcript from Watts's deposition, which did not become available until after its summary judgment response was due. This reason might carry more weight if the response Club Madonna wanted to file cited Watts's deposition, but Club Madonna admits on appeal that Watts's deposition "was not necessary – and ultimately was not

7

even utilized" in the draft summary judgment response Club Madonna attached to its motion for reconsideration. Appellants' Initial Br. at 25. Club Madonna's admission negates this argument for why it showed good cause to support its extension request.

Two more facts weigh heavily against finding good cause here. First, the district court had already denied a request from Watts for an extension to file his motion for partial summary judgment. Club Madonna thus was on notice that the district court was disinclined to grant extensions. Second, Club Madonna waited until after the close of business on the day its summary judgment response was due to ask for an extension. "Counsel thus left to chance" whether the district court would deny Club Madonna's request for an extension, leaving it no time to finalize its summary judgment response. *Sosa*, 133 F.3d at 1419; *see also Bruce v. County of Rensselaer*, No. 02-CV-0847, 2003 WL 22436281, at *2 (N.D.N.Y. Oct. 20, 2003) ("A party takes significant risks when it seeks an extension of a deadline late on the day of the deadline; that is, at the proverbial eleventh hour. . . . The filing of a request for an extension on the final day of the time period . . . is evidence of being remiss in one's duties.").

"[W]e stress the broad discretion district courts have in managing their cases . . . [and] ensur[ing] that their cases move to a reasonably timely and orderly conclusion. This discretion is not wholly unfettered, but it is and must be broad."

8

*Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (citations omitted); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996) (explaining that a district court is given "broad discretion . . . to manage its own docket"). Because of the broad discretion district courts retain to manage their dockets, we cannot say that the district court abused its discretion in denying Club Madonna's request for an extension to file its summary judgment response.[2]

---

[2] We previously have explained that a district court abuses its discretion if it "imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large." *Klay*, 376 F.3d at 1096. Club Madonna tries to capitalize on this articulation of the abuse-of-discretion standard by arguing that "the prejudice caused by the brief delay [had the district court granted the extension] would have been non-existent," whereas "the harm done to [Club Madonna] in precluding presentation of [its] meritorious defense was so disproportionately severe" that "the district court's actions constituted an abuse of discretion." Appellants' Initial Br. at 27-28. Yet *Klay*'s examples were cases in which we held that the district court abused its discretion in fashioning a nationwide rather than a more geographically limited injunction, *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269-71 (11th Cir. 2003), or certifying a class under Federal Rule of Civil Procedure 23(b)(3) when certification under Rule 23(b)(1) would have served the plaintiffs just as well and been less prejudicial to the defendants, *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1352 & n.5 (11th Cir. 2001). Given the cases cited in *Klay*, 376 F.3d at 1096, we do not read its statement about balancing harms and benefits as applying to areas like case management, in which district courts enjoy very "broad discretion," *Chrysler*, 280 F.3d at 1360.

**B. The District Court Did Not Abuse Its Discretion in Denying Club Madonna's Motion for Reconsideration.**

Although Club Madonna's motion for reconsideration requested reconsideration of the district court's summary judgment order, the arguments it made in that motion were about the district court's refusal to extend the deadline for Club Madonna to file its summary judgment response.  On appeal, Club Madonna argues that the district court's denial of the motion for reconsideration was an abuse of discretion because Club Madonna showed excusable neglect in failing to timely file its summary judgment response and the district court's denial of its motion for reconsideration works a "manifest injustice."  Appellants' Initial Br. at 28-29.[3]  Because these arguments merely attempt to relitigate the district court's denial of Club Madonna's motion for an extension, we reject Club Madonna's arguments about the motion for reconsideration for the same reasons we rejected its arguments about the motion for an extension.[4]

---

[3] Club Madonna also argues that the district court's denial of its motion for reconsideration violated due process, but it cites no authority supporting this assertion and therefore has abandoned it.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

[4] "We may affirm the district court[] . . . on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

10

## C. The District Court Did Not Err in Granting Partial Summary Judgment to Watts.

In its opening brief on appeal, Club Madonna's only argument for why the district court erred in granting partial summary judgment to Watts is that "the district court for all practical purposes entered a default against" Club Madonna, an unduly "punitive remedy." *Id.* at 18-19.  But under Federal Rule of Civil Procedure 55(a) and (b), a default may be entered only by the clerk, and a default judgment may be entered only by the clerk or by the court upon a party's application; here, neither the clerk nor the district court entered a default or default judgment.  Instead, in accordance with Rule 56(e)(2) and (3), the district court considered the facts asserted in Watts's motion to be undisputed and granted partial summary judgment on the basis that these undisputed facts and the supporting materials showed Watts was entitled to partial summary judgment. Club Madonna's argument about the district court's summary judgment order constituting a default or a default judgment therefore fails.

In its reply brief on appeal, Club Madonna argues that the district court failed to fully examine the record to ensure that the evidence available at the time it issued its summary judgment order supported the grant of partial summary judgment.  Club Madonna has abandoned this argument, having failed to

11

make it to the district court in its motion to reconsider[5] and in its opening brief on appeal.  *See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008) ("We decline to address an argument advanced by an appellant for the first time in a reply brief."); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this [C]ourt." (internal quotation marks omitted)).  We therefore decline to address this argument.  The district court did not err in granting partial summary judgment to Watts.

## IV.    CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

**AFFIRMED.**

---

[5] Club Madonna asserted in its motion to reconsider that "many of the uncontroverted facts that were taken as true by the [district court] are not even supported by the record," Doc. 66 at 7, but it cited no examples of the district court's reliance on facts that were unsupported or contradicted by other evidence in the record as it existed when the district court granted partial summary judgment.  The district court had no duty to dig through the record to attempt to substantiate Club Madonna's unsubstantiated statement.  *Cf. Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990) ("Taking appellant's contention to its logical conclusion would render the summary judgment process an exercise in futility, and would place the onus on the district court to distill any possible argument [that] could be made based on the materials before the court.  Presenting such arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court . . . .").