# STATE of Wisconsin, Plaintiff-Appellant,

## v.

# Thomas J. GRADE, Defendant-Respondent.

### Court of Appeals

*No. 91–0605–CR. Submitted on briefs September 27, 1991.—Decided October 16, 1991.*

(Also reported in 477 N.W.2d 315.)

On behalf of the plaintiff-appellant the cause was submitted on the briefs of *Paul E. Bucher,* district attorney and *Pablo Galaviz,* assistant district attorney.

On behalf of the defendant-respondent the cause was submitted on the brief of *Barry S. Cohen* of *William A. Pangman & Associates, S.C.* of Waukesha.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

ANDERSON, J. The state appeals from an order precluding it from referring to Thomas J. Grade's partial breath alcohol test results and any refusal conduct in a prosecution for operating a motor vehicle while under the influence (OWI) contrary to sec. 346.63(1)(a), Stats. Grade failed to provide two complete tests in the required sequence on an infrared breath-testing instrument. Because we conclude that partial test results are inadmissible, we affirm the order. We also hold that no evidence of his refusal may be referred to during the trial because a deficient "Informing the Accused" form was read to him.

The criminal complaint states that two officers were called to the scene of an automobile accident. An officer observed that an automobile had left the road and stopped on a residential front lawn. The officer observed a group of approximately eight to ten people standing around the vehicle. Members of the group indicated that the car belonged to Grade. A short time later, a group of approximately six people walked toward the accident, one of whom was Grade. Grade came forth and indicated that the automobile was his and that he was driving it prior to the accident. The officer observed that Grade's words were slurred, he had an odor of intoxicants on his

146

breath, he had difficulty maintaining his balance, and his eyes were glassy.

Grade was transferred to the Hartland police department where he was read the "Informing the Accused" form found deficient in *County of Eau Claire v. Resler*, 151 Wis. 2d 645, 446 N.W.2d 72 (Ct. App. 1989). Grade submitted to an Intoxilyzer 5000 breath test. The first sample was sufficient and provided a blood alcohol content (BAC) of 0.167%; the second sample was insufficient to provide a result and the Intoxilyzer 5000 automatically recycled. Grade submitted to the test again and provided a sufficient first sample of a BAC of 0.168%. When asked to provide a second sample, he stated, "Put the nails in the coffin, I'm not going to take it again." He was charged with OWI.

After Grade filed a motion *in limine* and oral arguments were made, the trial court ordered that "the Plaintiff, at trial, is precluded from mentioning the defendant's reported breath alcohol test results, as well as any accompanying refusal conduct." The state appeals.

The first issue is whether the two partial breath test samples are admissible into evidence. This issue requires the application of sec. 343.305(6), Stats., to an undisputed set of facts. This is a question of law. *See State v. Wilke*, 152 Wis. 2d 243, 247, 448 N.W.2d 13, 14 (Ct. App. 1989). When the facts are undisputed and only a question of law remains, the review on appeal is *de novo*. *Id.*

Section 343.305(6), Stats., reads in relevant part:

> (c) For purposes of this section, if a breath test is administered using an infrared breath-testing instrument:
> 1. The test *shall* consist of analyses in the following sequence: one adequate breath sample analy-

147

sis, one calibration standard analysis, and a 2nd, adequate breath sample analysis.

2. A sample is adequate if the instrument analyzes the sample and does not indicate the sample is deficient.

3. Failure of a person to provide 2 separate, adequate breath samples in the proper sequence constitutes a refusal. [Emphasis added.]

In construing a statute, the primary source of construction is the language of the statute itself. *State v. McKenzie,* 139 Wis. 2d 171, 176, 407 N.W.2d 274, 276 (Ct. App. 1987). Whether a statute is mandatory is a question of statutory construction. *Cross v. Soderbeck,* 94 Wis. 2d 331, 340, 288 N.W.2d 779, 783 (1980). The word "shall" is presumed to be mandatory when it appears in a statute unless a different construction is necessary to carry out the clear legislative intent. *In re C.A.K.,* 154 Wis. 2d 612, 621, 453 N.W.2d 897, 901 (1990). The factors to be considered in choosing the proper construction include the objectives sought to be accomplished by the statute, its history, the consequences which would follow from the alternative interpretation, and whether a penalty is imposed for its violation. *Cross,* 94 Wis. 2d at 340, 288 N.W.2d at 783.

We conclude that "shall" is mandatory. It is reasonable to interpret the statute's objective to insure an accurate and reliable test. The chemical test procedures are mechanical in nature, *State v. Neitzel,* 95 Wis. 2d 191, 203, 289 N.W.2d 828, 835 (1980), and consequently, intoxilyzer test results are entitled to automatic admissibility and to a *prima facie* presumption of accuracy to establish the defendant's blood alcohol level. *See* sec. 885.235, Stats.; *State v. Turner,* 114 Wis. 2d 544, 549,

148

339 N.W.2d 134, 138 (Ct. App. 1983). We read the mandatory nature of the statute as the legislative *quid pro quo* for a driver's implied consent to testing for BAC. *Cf. State v. McCrossen,* 129 Wis. 2d 277, 298, 385 N.W.2d 161, 170, *cert. denied,* 479 U.S. 841 (1986). Furthermore, the reliance on the mechanical nature of the test and the justification for the automatic admissibility provision are severely undermined if the section is not given a mandatory reading. If the requirements of sec. 343.305(6)(c), Stats., are not strictly met, then the assurance of accuracy is no longer present.

■

A plain reading of the statute demonstrates that when the mandatory provisions of the statute are not followed, there is no "test" within the meaning of the statute. The authority for the use of the breath test is sec. 343.305(6)(c), Stats. That section specifically requires that a breath test shall consist of two samples in a specified sequence. If there are not two samples or the sequence is not followed, then there is no "test" within the meaning of the statute. If there is no "test" within the meaning of the statute, then there are no test results available to be admitted into evidence. The person who fails to give a complete breath test is considered to have refused consent and the state must proceed in an OWI prosecution as if the person refused to give a breath test.

We conclude that *State v. Zielke,* 137 Wis. 2d 39, 403 N.W.2d 427 (1987), does not apply to this case. In *Zielke,* the court addressed the issue of whether the implied consent law was the exclusive method of obtaining evidence. The court held that the implied consent statute was not the exclusive method of obtaining evidence and that evidence otherwise constitutionally obtained can be admitted in a criminal proceeding. *Id.* at 52, 403 N.W.2d at 433.

149

In this case the issue is not the method the state used to obtain evidence; rather, the issue is whether partial test results of Grade's breath alcohol level, acquired under the implied consent law, are admissible at trial. The issue involves the reliability of the partial test results and not the method used to obtain the evidence. Because we have concluded that the test sequence specified by sec. 343.305(6)(c), Stats., is mandatory in order to achieve reliable test results, an appropriate response to an incomplete test is suppression of the partial test results.

We acknowledge that the implied consent statute must be construed as a whole in light of its policy to facilitate the taking of tests for intoxication and not to inhibit the ability of the state to remove drunken drivers from the highway. *See Scales v. State,* 64 Wis. 2d 485, 494, 219 N.W.2d 286, 292 (1974). Prohibiting the reference to two incomplete test samples does not impede the ability of the state to remove drunken drivers from the highway. First, the state can introduce other competent physical evidence indicating intoxication for the OWI prosecution. *See State v. Burkman,* 96 Wis. 2d 630, 642, 292 N.W.2d 641, 647 (1980). Second, the state is in the same position to convict Grade of OWI as if he completely refused to submit to a test. This analysis is consistent with the statutory language that incomplete tests are considered a refusal. Section 343.305(6)(c)3, Stats. Furthermore, our analysis will not encourage partial breath tests. Because failure to follow the statute is considered a refusal, Grade is deterred from giving a partial breath test because he would be subject to the refusal

provisions of the implied consent law.[1]

This court is bound by the clear language of the statute which mandates that the intoxilyzer test must be performed in a specific manner. If the law is to be changed to allow the admission of partial intoxilyzer tests in OWI convictions, that change must come from the legislature, not this court. *See Wilke,* 152 Wis. 2d at 251-52, 448 N.W.2d at 16.

The second issue is whether evidence of Grade's refusal may be admitted as evidence.[2] It is undisputed that the "Informing the Accused" form was deficient under the holdings in *Wilke* and *Resler.* Also, it is undisputed that Grade failed to provide two separate, adequate breath samples in the proper sequence. This is properly considered a refusal. *See* sec. 343.305(6)(c)3, Stats. The opportunity to introduce the fact of refusal presupposes that a defendant has been advised of his or her rights as required by sec. 343.305(3)(a). *See Zielke,* 137 Wis. 2d at 54, 403 N.W.2d at 433. When there is a procedural defect and the person refuses to submit to a chemical test, the fact of refusal cannot be used in a

[1]Our analysis does not conflict with sec. 885.235(4), Stats. The section reads that it shall not limit the introduction of *other competent evidence* bearing on the person's blood alcohol concentration. The statute requires that evidence be competent. If the statutory procedures are not met, the test does not exist and cannot be considered competent evidence.

[2]The state argues for the first time in its reply brief that the refusal evidence may be admitted for the "completeness of the story" rather than for consciousness of guilt. We will not, as a general rule, consider arguments raised for the first time in a reply brief, and we see no reason to depart from that rule in the case before us. *Schaeffer v. State Personnel Comm'n,* 150 Wis. 2d 132, 144, 441 N.W.2d 292, 297 (Ct. App. 1989).

subsequent criminal prosecution for drunk driving as evidence of the driver's consciousness of guilt. *Id.* Thus, we affirm that part of the order prohibiting evidence of Grade's refusal.

*By the Court.*—Order affirmed.