State of Wisconsin, Plaintiff-Respondent,
v.
Da Vang, Defendant-Appellant.
No. 04-1385.
Court of Appeals of Wisconsin.
Opinion Filed: February 1, 2005.
Before Cane, C.J., Peterson and Deininger, JJ.
¶1 PER CURIAM.
Da Vang appeals an order denying his WIS. STAT. § 974.06[1] motion for postconviction relief. Vang argues he did not validly waive his right to appellate counsel on direct appeal. He also contends the circuit court violated his due process rights by postponing the hearing on his postconviction motions. We reject Vang's arguments and affirm the order.

BACKGROUND
¶2 In 1997, Vang was convicted upon a jury's verdict of two counts of first-degree intentional homicide and sentenced to consecutive terms of life in prison without parole. Following Vang's sentencing, his trial counsel timely filed a notice of intent to seek postconviction relief. Appointed appellate counsel filed a notice of appeal and then moved to withdraw, citing Vang's dissatisfaction with counsel's representation. This court granted the motion and a second appellate attorney was appointed, but ultimately withdrew due to a conflict of interest. In the interim, this court dismissed the original notice of appeal without prejudice and extended the time for filing a postconviction motion or notice of appeal pursuant to WIS. STAT. RULE 809.30(2)(h).
¶3 A third appellate attorney, Steven Miller, was appointed. Vang subsequently moved this court to either remove Miller as counsel or direct Miller to file either postconviction motions or an appeal on certain issues. This court denied the motion indicating, in relevant part, that we would not entertain a pro se motion while Vang was represented by counsel. Unaware of Vang's pro se motion, Miller filed a no-merit notice of appeal. Vang then filed a motion to dismiss the no-merit notice of appeal and extend the time for filing postconviction motions. Believing that Vang was attempting to circumvent the no-merit procedures, we initially denied Vang's motion and explained the benefits of the no-merit process. As there was some confusion regarding the chronology of the filings, Miller clarified that the no-merit notice of appeal had been filed after he received a letter from Vang discharging him as counsel. Because Miller was discharged before the no-merit notice of appeal was filed, we concluded that Vang had the right to proceed pro se. We warned, however, that a prisoner might find it easier to respond to a no-merit report than to represent himself on appeal because proceeding pro se presented procedural and logistical difficulties in addition to requiring some knowledge of substantive law. We additionally warned that if appellate counsel was discharged, replacement counsel would not be appointed. In light of these admonitions, we ordered Vang to notify this court of his intentions. Vang subsequently renewed his motion to dismiss the notice of appeal and filed a letter confirming that he wanted to discharge Miller from the case.
¶4 By order dated November 17, 1998, we discharged Miller as counsel, dismissed the appeal and extended the time for filing a postconviction motion or notice of appeal to December 29, 1998. On December 3, 1998, Vang filed pro se postconviction motions alleging government misconduct and ineffective assistance of trial counsel. Vang also moved the trial court to appoint counsel. On February 12, 1999, counsel was appointed for the limited purpose of assisting Vang with his postconviction motions. On March 26, 1999, Vang filed a "revised/supplemental postconviction motion." The circuit court ultimately denied Vang's motions in January 2000. Counsel filed a notice of intent to seek postconviction relief and motion for reconsideration. After denial of the reconsideration motion, counsel filed a notice of appeal and moved to withdraw in this court.
¶5 By order dated April 18, 2000, counsel's motion to withdraw was granted and this court clarified that Vang's motion would be construed as a motion under WIS. STAT. § 974.06. We explained that our order extending the time for filing a postconviction motion under WIS. STAT. RULE 809.30 did not include the right to file amended or supplemental motions and did not extend the time for the trial court to hear and decide the postconviction motions. We further indicated that unless the motion was construed as a motion under § 974.06, the motion would have been deemed denied long before the motion hearing was held. The appeal was therefore limited to the order denying the postconviction motions. We denied Vang's motion to appoint appellate counsel and Vang proceeded pro se on appeal. This court ultimately affirmed the order denying postconviction motions. State v. Vang, No. 00-0667, unpublished slip op. (Wis. Ct. App. April 10, 2001). In April 2004, Vang filed a WIS. STAT. § 974.06 raising numerous claims. The circuit court denied Vang's motion and this appeal motion follows.

DISCUSSION
¶6 On appeal, Vang has abandoned all but two issues.[2] First, Vang contends that he did not validly waive his right to appellate counsel, Steven Miller. Second, Vang argues the circuit court violated his due process rights by postponing the hearing on his postconviction motions beyond the sixty days dictated in WIS. STAT. RULE 809.30(2)(i), thereby depriving Vang of his direct appeal rights. We are not persuaded.
¶7 A convicted defendant enjoys a state constitutional right to a direct appeal and to the effective assistance of counsel on direct appeal. See State ex rel. Flores v. State, 183 Wis. 2d 587, 604-05, 516 N.W.2d 362 (1994). Consequently, waiver of the right to a direct appeal with counsel must be knowing, intelligent and voluntary. See id. at 616-17. While no formalized waiver procedures are required, "it must be apparent that the defendant either suggested, acquiesced in or concurred with the decision to dismiss the appeal" before a waiver of direct appeal with counsel will be found. Id. at 617. This court has held:
Before a court may conclude that a criminal defendant has knowingly or voluntarily waived his or her right to counsel on direct appeal, it must satisfy itself that the defendant is aware: (1) of the Flores rights (to an appeal, to the assistance of counsel for the appeal, and to opt for a nomerit report); (2) of the dangers and disadvantages of proceeding pro se; and (3) of the possibility that if appointed counsel is permitted to withdraw, successor counsel may not be appointed to represent the defendant.
State v. Thornton, 2002 WI App 294, ¶21, 259 Wis. 2d 157, 656 N.W.2d 45.
¶8 Here, Vang knowingly waived his right to appellate counsel, Steven Miller. As outlined above, this court informed Vang of his options, describing the no-merit process and warning Vang of the difficulties and disadvantages of proceeding pro se. We additionally warned Vang that if appellate counsel was discharged, replacement counsel would not be appointed. In light of these admonitions, Vang nevertheless reiterated his desire to discharge Miller and proceed pro se. In a letter filed subsequent to Miller's discharge, Vang again acknowledged his decision to discharge Miller and reiterated that he was responsible for his appeal. The record demonstrates that Vang knew of his appellate options, as well as the disadvantages of proceeding pro se, and nevertheless chose to proceed pro se knowing that this court would not appoint replacement counsel. We therefore conclude Vang validly waived his right to appellate counsel.
¶9 Vang also claims the circuit court violated his due process rights by postponing the hearing on his postconviction motions. WISCONSIN STAT. RULE 809.30(2)(i) provides:
Unless an extension is requested by the defendant or circuit court and granted by the court of appeals, the circuit court shall determine by an order the defendant's motion for postconviction relief within 60 days after the filing of the motion or the motion is considered to be denied and the clerk of circuit court shall immediately enter an order denying the motion.
¶10 The rule contemplates the possibility that the circuit court may not decide a postconviction motion within sixty days of the motion's filing and consequently provides a procedure for the motion's disposition. Therefore, the circuit court did not violate Vang's due process rights by failing to hear the motion within sixty days. In fact, had we not construed Vang's postconviction motion as filed pursuant to WIS. STAT. § 974.06, the motion would have properly been deemed denied by operation of the rule. Rather than being denied due process, Vang was afforded a hearing on the merits of his postconviction motion.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] Issues not briefed are deemed abandoned. State v. Johnson, 184 Wis. 2d 324, 344, 516 N.W.2d 463 (Ct. App. 1994).