PER CURIAM.
¶1 Dakon M. Martin appeals pro se from a judgment convicting him of possessing narcotics (methadone) with intent to deliver on his no contest plea and from a postconviction order denying his motion to withdraw his plea due to ineffective assistance of trial counsel. Martin argues that the circuit court erroneously denied him appointed postconviction and appellate counsel after the court allowed his first appointed counsel to withdraw. He also argues that his trial counsel was ineffective for failing to investigate an entrapment defense or seek dismissal because the State failed to preserve in evidence or produce in discovery allegedly exculpatory evidence (his cell phone). The record does not bear out any of Martin's claims. We affirm.
Waiver of Postconviction and Appellate Counsel
¶2 On appeal, Martin argues that the circuit court deprived him of the assistance of counsel in his direct appeal.
¶3 A defendant has the right to the assistance of counsel for WIS. STAT. RULE 809.30 (2017-18)[1] postconviction and appellate proceedings,[2] and the right to exercise the WIS. STAT. RULE 809.32 no-merit report option on appeal. State v. Thornton , 2002 WI App 294, ¶21, 259 Wis. 2d 157, 656 N.W.2d 45. A defendant may waive the right to the assistance of counsel. Id.
¶4 Martin asked his appointed postconviction counsel to withdraw. The State Public Defender advised that if counsel withdrew, the State Public Defender would not appoint new counsel. In February 2015, the circuit court held a hearing on counsel's motion to withdraw. During that hearing, the circuit court informed Martin that he had the right to counsel and to a no-merit report, and the court explained the difficulties and disadvantages of self-representation. Martin agreed that counsel could withdraw and stated that he planned to retain his own counsel. The court found that Martin understood his right to appointed counsel, he knew the State Public Defender would not appoint successor counsel, and he was informed about the difficulties and disadvantages of self-representation. The circuit court permitted counsel to withdraw.[3]
¶5 In September 2015, Martin moved the circuit court for appointed counsel. Citing the proceedings held on the February 2015 motion to withdraw, the circuit court declined to appoint counsel.
¶6 On appeal, Martin argues that he was erroneously deprived of postconviction and appellate counsel. We disagree. The February 2015 proceeding on counsel's motion to withdraw complied with the requirements of Thornton : Martin was advised of his right to the assistance of counsel and to request a no-merit report; Martin was informed of the difficulties and disadvantages of proceeding pro se; and Martin was informed that if appointed counsel withdrew, successor counsel likely would not be appointed. See Thornton , 259 Wis. 2d 157, ¶21. When the foregoing information is provided to a defendant who then demonstrates an understanding of the same, a defendant may be deemed to have knowingly and voluntarily waived the right to counsel. Id. A subsequent change of heart "does not undermine the validity of [the defendant's] initial, knowing and voluntary decision" to ask counsel to withdraw. Id. , ¶24.
¶7 The circuit court's February 2015 findings regarding the waiver of counsel are not clearly erroneous. See State v. Jennings , 2002 WI 44, ¶20, 252 Wis. 2d 228, 647 N.W.2d 142. Martin does not demonstrate on appeal that the February 2015 proceeding was deficient or convince us that the proceeding preserved a future right to appointed counsel from any source. Martin waived his right to appointed counsel in favor of proceeding without counsel.[4] The circuit court did not err in permitting appointed counsel to withdraw or in declining to appoint new counsel.
Plea Withdrawal Due to Ineffective Assistance of Trial Counsel
¶8 Postconviction, Martin sought to withdraw his no contest plea due to ineffective assistance of trial counsel because (1) counsel did not move to dismiss on the grounds that the State failed to preserve or produce in discovery allegedly exculpatory evidence (Martin's cell phone) and (2) counsel did not investigate or locate evidence relating to an entrapment defense. The circuit court denied the motion after an evidentiary hearing at which Martin, Martin's trial counsel, Martin's mother, a detective, and two evidence custodians testified.
¶9 Ineffective assistance of counsel can constitute the manifest injustice required to withdraw a plea postsentencing. State v. Cain , 2012 WI 68, ¶26, 342 Wis. 2d 1, 816 N.W.2d 177.
To state a claim for ineffective assistance of counsel, the defendant must demonstrate: (1) that his counsel's performance was deficient; and (2) that the deficient performance was prejudicial.
To prove deficiency, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" ... [and] overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."
State v. Romero-Georgana , 2014 WI 83, ¶¶39-40, 360 Wis. 2d 522, 849 N.W.2d 668 (citations omitted).
¶10 We review the denial of an ineffective assistance claim as a mixed question of fact and law. State v. Kimbrough , 2001 WI App 138, ¶27, 246 Wis. 2d 648, 630 N.W.2d 752 (citations omitted). We will not reverse the circuit court's factual findings unless they are clearly erroneous. Id. "[W]e review the two-pronged determination of trial counsel's effectiveness independently as a question of law." Id. The circuit court was "the ultimate arbiter of the credibility of the witnesses and the weight given to each witness's testimony." State v. Peppertree Resort Villas, Inc. , 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345.
¶11 We first address the ineffective assistance of counsel claim premised on Martin's belief that law enforcement had custody of his cell phone but either lost or destroyed the phone. We affirm the circuit court's finding that Martin's contention is not supported by the record. The circuit court found that there was no evidence that Martin's cell phone was logged into evidence or that it contained exculpatory evidence.[5] These findings are not clearly erroneous. Because Martin did not show that his cell phone was either in the custody of law enforcement or contained exculpatory evidence, Martin could not show that counsel performed deficiently by failing to file a motion relating to any alleged failure to preserve the phone in evidence or to disclose exculpatory evidence. See State v. Wheat , 2002 WI App 153, ¶14, 256 Wis. 2d 270, 647 N.W.2d 441 (counsel's failure to raise a legal challenge is not deficient if the challenge would have been rejected).
¶12 We turn to Martin's ineffective assistance of counsel claim relating to his entrapment defense. "Counsel must either reasonably investigate the law and facts or make a reasonable strategic decision that makes further investigation unnecessary." State v. Domke , 2011 WI 95, ¶41, 337 Wis. 2d 268, 805 N.W.2d 364. A defendant claiming ineffective assistance arising from a failure to investigate must demonstrate what the investigation would have revealed. State v. Thiel , 2003 WI 111, ¶44, 264 Wis. 2d 571, 665 N.W.2d 305.
¶13 In deciding Martin's ineffective assistance of counsel claim relating to his entrapment defense, the circuit court started by reviewing the plea hearing for information about how counsel and Martin prepared his case. On the day the parties appeared for Martin's jury trial, Martin expressed a desire to proceed pro se, the court permitted Martin and trial counsel to consult, trial counsel reported to the court that she had explained all of Martin's options to him, and Martin had decided to plead no contest. The circuit court then conducted a proper plea colloquy with Martin.[6] Trial counsel informed the circuit court that she had had sufficient time to discuss all case matters with Martin, she and Martin disagreed about which motions to file, and her investigator had been unable to locate the confidential informant who was involved in the drug transaction out of which the charges arose. Martin contended that he had not had enough time to communicate with counsel about all of the issues in his case despite the case pending for two years. At the plea hearing, Martin provided counsel with another telephone number (which did not appear in the police reports) for which he wanted to review communication records.
¶14 The circuit court created a further record regarding the attorney-client relationship. Trial counsel stated that Martin did not respond to some of her communications about the case. Counsel and Martin discussed a possible entrapment defense, and counsel was prepared to try the case based on an entrapment defense. Counsel noted that throughout the case and up to the week before the trial date, Martin repeatedly informed her he intended to replace her as counsel. Martin asked that the record reflect that he had asked counsel to file a motion to dismiss, but she had declined because she did not feel the motion had merit. Despite all of the foregoing claims and complaints, Martin then agreed to enter a no contest plea.
¶15 With the plea hearing as background, the circuit court turned to the evidence adduced at the postconviction evidentiary hearing on Martin's ineffective assistance of counsel claim. Trial counsel testified that her strategy was to negotiate the best possible plea agreement for Martin, but she was also ready for trial using an entrapment defense she believed was not likely to succeed at trial. During her investigation, counsel obtained records for the telephone numbers mentioned in the police reports and attempted to obtain text message records from Martin's cell phone service provider, but those records were no longer available. Counsel investigated the confidential informant's telephone number based on information provided by Martin and the State, and counsel confirmed that the confidential informant had not received any inducement for her cooperation with the drug unit. Counsel made a reasonable investigation regarding the phones, see Domke , 337 Wis. 2d 268, ¶41, and Martin has not shown that counsel could have done more in her investigation regarding the phones. Unless Martin testified at trial, counsel did not have any evidence of entrapment to present. However, testifying at trial would likely have resulted in unfavorable evidence being admitted against Martin to impeach his credibility.
¶16 The detective testified that there was one recorded telephone call between the confidential informant and Martin and there were text messages between Martin and Ripple (a coactor). Martin testified that trial counsel told him that he had a fifty-fifty chance of prevailing on his entrapment defense, a prediction counsel denied making because she does not offer clients percentages as she evaluates potential defenses.
¶17 The circuit court relied upon counsel's testimony to find that she was prepared to present the entrapment defense via cross-examination of the confidential informant and Martin's testimony, if after the close of the State's case it was determined that Martin would testify. Martin attempts to counter these findings by citing his own testimony, testimony which the circuit court clearly did not accept in making its findings. The credibility of the witnesses was for the circuit court to determine. Peppertree Resort Villas , 257 Wis. 2d 421, ¶19.
¶18 The circuit court's findings of fact are not clearly erroneous. The findings do not support a claim that trial counsel performed deficiently. Rather, the findings establish that counsel's representation was objectively reasonable under the facts and circumstances of the case. See Romero-Georgana , 360 Wis. 2d 522, ¶40.
¶19 Martin has not met his burden to show that his trial counsel performed deficiently. See State v. Smith , 207 Wis. 2d 258, 273, 558 N.W.2d 379 (1997).[7] The circuit court properly denied Martin's motion to withdraw his no contest plea due to ineffective assistance of counsel.[8]
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Postconviction and appellate representation may be provided by the same attorney. The type of representation generally depends on the forum in which the legal assistance is provided. State ex rel. Rothering v. McCaughtry , 205 Wis. 2d 675, 678-79, 556 N.W.2d 136 (Ct. App. 1996).

At the time of the hearing on counsel's motion to withdraw, Martin did not have counsel ready to appear on his behalf. Once appointed counsel withdrew, Martin was pro se.

Martin briefly engaged another attorney for postconviction relief. That attorney withdrew because he declined to participate in the "hybrid representation" Martin proposed for his postconviction proceedings. State v. Debra A.E. , 188 Wis. 2d 111, 138, 523 N.W.2d 727 (1994) (no right to hybrid representation). This brief engagement is not relevant to our evaluation of the February 2015 proceeding on appointed counsel's motion to withdraw or the circuit court's refusal to appoint counsel thereafter.

Trial counsel testified that she did not inquire of the State whether any cell phones were in evidence because cell phones did not appear on the evidence list. She had no evidence that cell phones were destroyed. The detective and the evidence technicians testified that no cell phones were taken into evidence.

Martin does not challenge the adequacy of the plea colloquy.

Because counsel did not perform deficiently, we need not address whether Martin was prejudiced by counsel's performance. See State v. Chu , 2002 WI App 98, ¶47, 253 Wis. 2d 666, 643 N.W.2d 878.

To the extent we have not addressed an argument raised on appeal, the argument is deemed rejected. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").