COURT OF APPEALS
DECISION
DATED AND FILED

October 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2027-CR**

Cir. Ct. No. 2016CF562

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

RODOLFO J. GARCIA,

    DEFENDANT-APPELLANT.

       APPEAL from a judgment and an order of the circuit court for Winnebago County: KAREN L. SEIFERT, Judge. *Affirmed*.

       Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Rodolfo Garcia appeals pro se from a judgment convicting him of first-degree sexual assault of a child under thirteen and an order denying his postconviction motion seeking to withdraw his no contest plea due to ineffective assistance of trial counsel. On appeal, Garcia challenges the circuit court's refusal to appoint counsel for him after his WIS. STAT. RULE 809.30 (2017-18)[1] appointed counsel withdrew at Garcia's request. The record supports the circuit court's decision to deny Garcia's request for a second lawyer. The judgment of conviction and the order denying postconviction relief are affirmed.

¶2 After Garcia was sentenced in July 2017, the state public defender provided Garcia with counsel for WIS. STAT. RULE 809.30 postconviction proceedings. On March 26, 2018, appointed counsel moved to withdraw because he and Garcia had discussed the case and Garcia's rights in relation to his appeal, most recently in a March 6 telephone call, and Garcia had confirmed his desire to proceed either pro se or with retained counsel.

¶3 In response to counsel's motion to withdraw, the state public defender advised the circuit court and Garcia in a letter dated February 6, 2018 (but filed in the circuit court on April 2) that if counsel withdrew, Garcia would be deemed to have waived his right to appointed counsel from the state public defender, and the state public defender would not appoint counsel for him in the future. The state public defender explained the rights and warnings specified in *State v. Thornton*, 2002 WI App 294, ¶21, 259 Wis. 2d 157, 656 N.W.2d 45: the right to an appeal, the right to the assistance of counsel in the appeal, the right to a

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

WIS. STAT. RULE 809.32 no-merit report, the dangers and disadvantages of proceeding pro se, and that without counsel, Garcia would be "responsible for all aspects of his appeal case including compliance with all court rules and procedures."  *Id.*  In an order dated April 2, 2018, the circuit court granted counsel's motion to withdraw.

¶4      From April to mid-July 2018, Garcia proceeded pro se.  On July 16, Garcia filed a WIS. STAT. RULE 809.30 motion to withdraw his no contest plea due to ineffective assistance of trial counsel.  After the circuit court scheduled the motion for a hearing, Garcia asked the circuit court in an August 1 letter to appoint counsel because he could not manage the hearing without assistance.  The state public defender notified the court that because Garcia had discharged previously appointed counsel and waived his right to counsel, new counsel would not be appointed.

¶5      In pleadings dated August 17, Garcia again asked the circuit court to appoint counsel.  Garcia conceded that when he and his prior appointed counsel spoke on March 6, counsel informed him of his options:  close the file, proceed pro se or by retained counsel, or authorize a no-merit report "in which I would be able to respond to."  However, Garcia claimed that counsel did not inform him that his response to the no-merit report could raise issues he believes have arguable merit and if this court found an issue with arguable merit, counsel's representation would continue.  Based on his alleged lack of understanding about the no-merit appeal process, Garcia argued that his decision to discharge counsel was neither knowing nor voluntary.  In a September 4 order, the circuit court denied Garcia's request for counsel because Garcia had discharged appointed counsel, and he knew that doing so waived his right to counsel.

¶6    On September 11, the circuit court entered an order denying Garcia's postconviction motion because the motion made conclusory allegations of ineffective assistance of trial counsel and did not warrant an evidentiary hearing.[2]

¶7    In a September 19 letter to the circuit court, Garcia reiterated that the court should have held a hearing on counsel's March 2018 motion to withdraw, that his waiver of counsel was neither knowing nor voluntary, and that he did not have an opportunity to respond to counsel's motion to withdraw before the circuit court granted it.  On October 2, the circuit court declined to vacate the orders granting counsel's motion to withdraw and denying Garcia's postconviction motion.

¶8    On appeal, Garcia challenges the circuit court's refusal to appoint counsel to litigate his postconviction motion.  He argues that the circuit court never determined that he knowingly and voluntarily waived his right to counsel. We conclude that three aspects of the record support the circuit court's determination that Garcia waived his right to appointed counsel and would not receive a second appointed lawyer.

¶9    Whether Garcia was wrongly deprived of his constitutional right to counsel presents a question of constitutional fact that we review independently. *Thornton*, 259 Wis. 2d 157, ¶11.  The waiver of the right to counsel on direct appeal must be knowingly and voluntarily made. *Id.*, ¶21.

---

[2] We note that the circuit court held a hearing on the motion on September 10.  The record does not contain a transcript of this hearing.

¶10    First, the record establishes that before the circuit court relieved counsel of the representation, Garcia received the information required by *Thornton*. Counsel's motion to withdraw stated that he and Garcia had discussed Garcia's rights, the state public defender's letter specified those rights and provided additional required information, and Garcia conceded to the circuit court in his August 17 pleadings that on March 6, before moving to withdraw, counsel informed him of his rights. That a defendant has received and understood the information required by *Thornton* "is both necessary and sufficient to support a determination that the defendant's tendered waiver of counsel is knowing and voluntary." *Id.*, ¶21. Garcia received the information required by *Thornton*, and he understood it.

¶11    Second, the record does not show that Garcia was unable to communicate with the circuit court in response to counsel's motion to withdraw or the April 2 order discharging counsel. In fact, it shows the opposite. Garcia did not contemporaneously object to counsel's motion or to the circuit court's order granting the motion, but he communicated with the court on numerous other occasions: he filed a motion in May to extend the time to file a postconviction motion, he filed a postconviction motion in July, he sought counsel in August, and he filed multiple objections to the circuit court's refusal to appoint counsel for the postconviction motion hearing. The record substantiates that Garcia was able to communicate with the court.

¶12    Third, Garcia's conduct after counsel withdrew substantiates that he intended to proceed without counsel. As noted, on May 1, Garcia sought an extension of time to file his postconviction motion. The motion recited the history of counsel's withdrawal from the case and Garcia's use of a fellow inmate to draft his postconviction motion. It was only after the circuit court scheduled a hearing

on his postconviction motion that Garcia changed his mind and requested counsel. Garcia's renewed interest in representation is unavailing because he was specifically warned that if he discharged counsel, he would have to manage further proceedings in the circuit court.

¶13   Garcia's argument on appeal that he should have been informed about the precise contours of a potential no-merit response lacks merit and does not invalidate his waiver of counsel. Such detailed information was not required. *State ex rel. Flores v. State*, 183 Wis. 2d 587, 610, 516 N.W.2d 362 (1994); *Thornton*, 259 Wis. 2d 157, ¶21.

¶14   We conclude that Garcia was not wrongly deprived of appointed counsel, and he knowingly and voluntarily waived his right to counsel. The circuit court's order denying appointed counsel for the postconviction motion hearing is supported by the record.

¶15   Other than arguing that he should have had appointed counsel for the postconviction motion hearing, Garcia's appellant's brief does not dispute the circuit court's denial of his postconviction motion without an evidentiary hearing. Although Garcia eventually raises this issue in his reply brief, we do not address issues raised for the first time in a reply brief. *State v. Grade*, 165 Wis. 2d 143, 151 n.2, 477 N.W.2d 315 (Ct. App. 1991).

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.